## CULLUM *vs.* BEVANS.

1825

Cullum
vs
Bevans

JUNE.

APPEAL from *Baltimore* county court, from a judgment rendered in favour of the defendant in that court, in an action of replevin.

The cause, which is fully stated in the opinion delivered by this court, was argued before BUCHANAN, Ch. J. MARTIN, STEPHEN, ARCHER, and DORSEY, J. by

Replevin in this state, is a much more extensive remedy than it is in *England*.

In *England*, the tortious taking from the plaintiff, is the *gist* of the action, and if put in issue, must be proved by the plaintiff.

In this state it is the proper remedy in all cases where a plaintiff has a right to the possession of personal property.

In such an action in this state the plea of property in the defendant throws the whole burthen of proof on the plaintiff.

*R. Johnson,* for the Appellant, who, having abandoned the *first* bill of exceptions taken in the court below, referred to *Robertson vs. French,* 4 *East,* 130, and 1 *Phill. Evid.* 118, (123,) in support of his objection to the opinion of the court below, as stated in the *second* bill of exceptions. He contended, that the plea of property in the defendant was sufficient evidence of possession in the plaintiff, and that possession was proof of property without any other evidence to establish the plaintiff's title.

No counsel appeared for the appellee.

DORSEY, J. delivered the opinion of the court. Two bills of exceptions were taken in this case, the first of which, being abandoned by the appellant's counsel, the court are relieved from the necessity of giving any opinion upon it. The question, presented by the remaining exception, is one, on which if any doubt had existed about it, it is to be presumed must have been frequently presented for adjudication to the several courts of law of original jurisdiction in this state; and in at least two of the judicial districts, decisions have been made in unison with the opinion of the court below, from which no appeal was ever made. The case at bar has arisen on an action of replevin, instituted in *Baltimore* county court, by the present appellant, against the appellee, for the recovery of a day book and ledger. The appellee appeared to the suit, and plead property in himself; to which plea a replication was filed, and the issue joined in the usual form. Upon the trial, neither party offering any testimony, the plaintiff's counsel prayed the court to instruct the jury, that upon the pleadings in the cause he was entitled to recover. This instruction being refused, the appellant appealed, and alleges, that by such refusal the court below committed an error, which this court are now called on to revise and correct. In support of this appeal it has been urged (by a species of reasoning more specious than solid,) that possession of a chattel is *prima facie* evidence of property; that the appellee, having plead property in himself, thereby admits the taking charged in the declaration, and consequently, the original possession to have been in the appellant; and that such original possession is sufficient evidence of title to recover, unless a better right in the defendant shall be shown by proof. If this case were pending in an *English* court

1825.

Cullum
vs
Bevans

of judicature, this ingenious system of reasoning might not be susceptible of easy refutation; although, if it be sound doctrine, it cannot well be understood how the plea of property in a stranger can be sustained as a plea in bar or justification of the invasion of a plaintiff's possession, and the taking from him goods by a defendant, a mere volunteer, deriving no right or authority from such stranger. That such a plea in bar is a good defence, and if true; defeats the plaintiff's right of recovery, is not now to be questioned. But to decide the question now before the court, it is not necessary to make an elaborate research into *English* authorities. The action of replevin, as prosecuted in this state, gives a much more extensive remedy than can be had in the same kind of proceeding in *England.* There, the tortious taking from the plaintiff by the defendant is the gist of the action, and no such action can be sustained but upon actual proof thereof, if the fact be put in issue by the pleadings. Not so in the state of *Maryland.* Here it is an almost universal remedy, applicable to all cases, where the plaintiff has a right to demand the possession of goods or chattels withheld by another, and which are within the reach of the process of the court. Although the form of the declaration has not been changed, the allegation of a wrongful taking is a mere fiction, generally false in point of fact, and evidence of nothing in support of the plaintiff's claim. On the contrary, the possession of the defendant, admitted by instituting the suit against him, is *prima facie* evidence of ownership, and the plea of property in the defendant throws the whole burthen of proof upon the plaintiff.

That the view which has been taken of this subject is the correct one, is clearly evinced by reference to the act of assembly of 1785, *ch.* 80, *sec.* 14; which directs the court to award to the defendant a return of the goods replevied, in all cases save where it shall appear that "the defendant's possession was forcibly or fraudulently obtained, or that the possession, being first in the plaintiff, was got or retained by the defendant, without proper authority or right derived from the plaintiff." Such a provision never would have been incorporated in that act of assembly, under a supposition of an actual wrongful taking from the plaintiff's possession, nor unless the presumption of right, both in law and in fact, had been im-

puted to the defendant. Indeed, it is apprehended, that the pleadings in this cause afford conclusive evidence of the truth of the position which has been assumed. No principle in the law seems more universal, or better established, than that the *onus probandi* rests on the party who maintains the affirmative side of the issue. On what then is the issue joined in this case? It is not on the defendant's plea of property, but upon the replication filed by the plaintiff, asserting the right of property to be in himself, and tendering an issue on that point. He must therefore support his allegation by proof.

We concur in the opinion delivered by the court below, and affirm their judgment:

JUDGMENT AFFIRMED.