## CHARLES MURRAY
### vs.
### RICHARD C. MASON.

AT LAW.   DECIDED DECEMBER 26, 1842.

*Action for Libel.*

The case of Kerr *vs.* Force re af-
firmed.   He who has the *onus
probandi* should commence the
proceedings before the jury, and
he who commences should have
a right to reply and close the
argument to the jury.

This action was brought on a letter written by the defend-
ant, accusing the plaintiff of perjury.   The defendant
pleaded "not guilty," and justification.   The plea of not
guilty was withdrawn and the jury was sworn on the plea
of justification.   The jury brought in a verdict of guilty.
In the course of the trial the following was submitted to the
chief-judge, the assistant judges differing :

Whether the plaintiff or the defendant shall have the
opening and conclusion of the case ?

J. M. CARLISLE for the plaintiff.

JAS. H. BRADLEY for the defenpant.

The counsel for the plaintiff contends that he has to prove
the loss of office charged in the declaration and the damages
sustained, and refers to Monecure et al., executors of James
*vs.* Dermott, Judge Cranch's Note Book No. 11, page 14;
Evans' Practice, 296.

The defendant, by his counsel, contends he holds the
affirmative of the issue, and refers to Kerr *vs.* Force; Judge
Cranch No. 6, page 246; 1 Starkie on Evidence, 381, 384,
385; 6 Har. and John., 469.

Chief Judge Wm. Cranch gave his opinion as follows:

The plea of not guilty having been withdrawn, the jury
was sworn to try the issue upon the plea of justification
only.

The counsel for the defendant contend that as they hold
the affirmative of the issue they have a right to open and

close the argument before the jury, and they rely upon the decision of this court in the case of Kerr *vs.* Force,[1] Judge Cranch No. 6, page 246; Starkie on Evidence; and Cullum *vs.* Bevans, 6 Har. & John., 469.

On the other side, the counsel for the plaintiff cited Evans' Practice, 296, and James' Ex'r *vs.* Dermott,[2] Judge Cranch No. 11, page 14.

The case of Kerr *vs.* Force seems to have been well considered, and is decisive of the present question, unless it be overruled by the case of James' Ex'r *vs.* Dermott, or controlled by the case of Kearney *vs.* Gough, 5 Gill & Johnson, 457, cited by Evans on page 296.

In the case of Kerr *vs.* Force there seems to have been more reason than in the present to permit the plaintiff to open and close the argument to the jury, because the court had directed the jury to assess the plaintiff's damages upon a demurrer which had been decided in his favor, yet the court said that that circumstance did not throw the affirmative on the plaintiff, and said also that the uniform practice of this court had been that the party who held the affirmative of the issue should open and close, unless there was some issue in which the plaintiff held the affirmative, in which case the plaintiff had a right to open and close the whole case to the jury; observing also that in all cases the plaintiff must show his damages, and if that were a good cause for giving him the right to open and close, he would have it in all cases whether he held the affirmative of the issue or not.

It may also be observed that the question of damages does not arise until the issue is found for the plaintiff.

In the case of James' Ex'r *vs.* Dermott, one of the pleas was "covenants performed," but before an issue could be made up on that plea there must have been a replication setting forth some special breach which would throw the burden of proof upon the plaintiff. That case, therefore, cannot be considered as inconsistent with that of Kerr *vs.* Force.

---

(1.) 3 Cranch C. C., 8.
(2.) 5 Cranch C. C., 445.

I have not seen the case of Kearney *vs.* Gough, cited by Mr. Evans from 5 Gill & Johnson, 439. Whether the quotation is a mere dictum of one of the judges, or a decision of the court, does not appear. Judge Dorsey, in delivering the opinion of the Court of Appeals in Maryland, says: "No principle of law seems more universal or better established than that the *onus probandi* rests on the party who maintains the affirmative side of the issue." And nothing can be more natural than that he who has the *onus probandi* should commence the proceedings before the jury, for before he moves nothing can be done. The other party has nothing to say. It is right also that he who commences the contest should have a right to reply to the defensive allegations of the other party.

I am therefore of opinion, in the present case, that the defendant should open and close the argument to the jury.