GEORGE H. SMITH, EXC'R OF ELWILEY SMITH, *vs.* THOMAS W. MORGAN.—*December*, 1849.

Evidence which, standing alone and unexplained, would not be competent testimony, may become admissible when followed by other explanatory evidence before objection taken.

In an action of replevin by an executor, a distributee of the testator's estate is an incompetent witness for the plaintiff, on the ground of interest.

A release by the distributee, of her interest in the property in dispute in the replevin suit, without releasing her entire interest in the estate, will not restore her competency, because she is still interested in the augmentation of the estate.

The plaintiff, to restore the competency of this witness, the daughter of the testator, offered the will of the testator, by which the negro in dispute was given to witness, "for her sole and separate use, exclusive of the control of her husband, during her natural life," and also a release executed by witness and her husband. HELD : that this did not render her a competent witness.

Neither the wife alone, nor the husband and wife conjointly, can, at law, divest the wife's interest in property which she holds to her sole and separate use.

The acts and declarations of the testator, in regard to the ownership of the negro, for which this action was brought by the executor, are admissible in evidence as part of the *res gesta*.

The will of the testator is admissible as a declaration and claim of possession and property to the negro in dispute, by the testator, in his lifetime.

In an action of replevin, the defendant pleaded *non cepit*, property in himself, and property in a stranger. The plaintiff, by his replication, joined issue on the first plea, and traversed the second and third by affirming property in himself. Upon which traverses issues were joined. HELD: that these pleadings were correct, being in conformity with the forms used and practiced under from an early period in the history of the practice of this State.

The clerk entered the verdict, that on the 1st issue, the defendant did not take the property, &c.; on the 2nd, that the property was in the defendant ; and on the 3rd, that the property was in a stranger. HELD: that this verdict was for the defendant, and the entering it in this form was a clerical misprison, amendable by this court, under the act of 1809, ch. 153.

Appeal from *Saint Mary's* county court.

This was an action of replevin instituted by the appellant, as executor of *Elwiley Smith,* deceased, against the appellee, on the 15th of July, 1845, to recover a negro slave named *Matthias,* the alleged property of the plaintiff's testator. The defendant pleaded *non cepit,* property in himself, and property in a stranger, following the forms of those pleas in 2 *Har. Ent.,* 247, 300. The plaintiff, in his replication, joined issue upon the first plea, and traversed the two last by averring property in himself, and upon these traverses issues were joined, following in his replication, traverse, and joining of issue, the forms on page 247 of the *same book.*

1ST EXCEPTION. The plaintiff proved, by *Wm. H. Dunkinson,* a competent witness, that the negro in dispute was the child of a negro woman, the property of plaintiff's testator, raised him and held him in his possession until January 1832, when, with other negroes, he was sent by said testator to work on a farm commenced to be worked by testator's daughter, *Mrs. Campbell.* That so far as witness knew, said testator exercised acts of ownership over said negro till his death, in 1845. That *Mrs. C.,* for several years prior to her commencing farming, had lived with the testator on the farm where the negro in dispute lived.

The defendant then proved, by *M. C. Jones,* that in a conversation held with testator, sometime prior to *Mrs. C*'s commencing farming, and while she was living with testator, and

while said negro was upon the farm, and in possession of the testator, he, the testator, told witness that he had given said negro to *Mrs. C.*, his daughter, in place of a negro belonging to his daughter, which he had sold and *used the money for.* That at the time of this conversation, the testator had called on the witness for the purpose of renting a farm, which the witness had the control of, for *Mrs. C.*, and which was rented to *Mrs. C.*, and shortly after this conversation, said negro went with *Mrs. C.* on the farm which she had thus rented, and continued in her possession during her widowhood, and since her inter-marriage with *Thomas H. Miles*, have been in his possession to the present time.

The plaintiff then prayed the court to instruct the jury, that if they find, from the evidence, that the negro in controversy was in the possession of the testator at the time when he made said declaration to said *Jones*, and had always remained in his possession previous to said conversation, and remained in the testator's possession after said conversation until *Mrs. C.* commenced farming, then the legal title to said negro passed to *Mrs. C.* under the gift mentioned in said conversation. The court (MAGRUDER, C. J.,) refused to give said instruction, because the whole testimony offered to the jury, in regard to the alleged transfer of said negro by testator to *Mrs C.*, is to be taken in connection with that of *Mr. Jones*, and weighed by the jury, and the testimony in the cause does not authorise the court to instruct the jury, that there was no valid transfer of said negro to *Mrs. C.*, by the said testator. The plaintiff excepted.

2ND EXCEPTION. The plaintiff then offered to prove, by *Col. Coombs*, that *Mrs. C.*, prior to her going on her farm, called on witness to go her security on a bond, and stated to him that her father, the plaintiff's testator, would stock the farm for her, with one-third of every thing on his plantation, except negroes, and that he would loan her one-third of his negroes for her life, and at his death, would give her one-half of his negroes, and in that conversation she named no particular negro. The plaintiff then proved, by *W. H. Dunkinson*, that

*Matthias*, the boy in controversy, was one of the negroes sent by the plaintiff's testator to *Mrs. C's* farm, for the purpose of working said farm. The defendant objected to the admissibility of the testimony of *Col. Coombs*, and the court sustained the objection, and refused to permit the testimony to go to the jury, being of opinion that the same was too light and inconclusive, and had no tendency to establish the facts for which it is offered, no allusion having been made to the negro in controversy, and no circumstance disclosed in the case from which the jury could legitimately infer that *Mrs. C.* admitted that the negro in controversy was one of the negroes of which she spoke, and which were to be loaned to her by her father during life; and especially to contradict the declaration of the plaintiff's testator, as made to *M. C. Jones*, as stated in the first exception. The plaintiff excepted.

3RD EXCEPTION. The plaintiff then produced *Mrs. Miles*, formerly *Mrs. C.*, mentioned in the preceding exception as *Mrs. C.*, and proposed to prove by her, that the negro in question belonged to the plaintiff's testator at the time of his death; and insisted, that it appeared from the pleadings in the cause, that he had made a will, and that unless the defendant showed that the proposed witness derived some interest in said negro under said will, she was a competent witness. But on an objection made to her competency by the defendant, the court excluded her. The plaintiff excepted.

4TH EXCEPTION. The plaintiff, then, to restore the competency of *Mrs. Miles*, exhibited an instrument under seal, executed by her and her husband during the trial, whereby they released their right in said negro to the plaintiff. But the court, on an objection, decided that this instrument did not render *Mrs. Miles* a competent witness. The plaintiff excepted.

5TH EXCEPTION. The plaintiff then offered said release, and in connection therewith, a copy of the last will of his testator, *Elwiley Smith*, whereby he gives to his daughter, *Caroline E. Miles*, for her sole and separate use, exclusive of any control of her husband, *Thomas H. Miles*, the following negro slaves, now in possession of *Thomas H. Miles*, to wit: *Billy,*

*Edward*, &c., &c., *Matthias*, &c., &c., for and during the term of her natural life, and after her death to her husband for his life, and thereafter to her children. The plaintiff relied on these papers as removing the objection taken to the competency of *Mrs. Miles*. But the court decided that she was not competent. The plaintiff excepted.

6TH EXCEPTION. The plaintiff then offered another release executed by *Mrs. Miles* alone, whereby she relinquishes all her right to the negro, to the plaintiff. But the court held, this did not remove the objection to her competency. The plaintiff excepted.

7TH EXCEPTION. The plaintiff then offered to prove, by *James L. Foxwell*, that in the fall of 1831, the plaintiff's testator sent several negroes on the farm then occupied by witness, and which *Mrs. C.* occupied the ensuing year, for the purpose of seeding wheat for *Mrs. C.*, and said negroes, after they had finished seeding wheat, were carried back to the farm of the plaintiff's testator, and that *Matthias* was one of those negroes; and that in a conversation between the testator and *Mrs. C.*, the former stated to the latter that he had loaned her negroes to work her farm with, and that *Matthias* was one of the negroes used by *Mrs. C.* in 1832, and afterwards, in working her farm. The defendant objected to the admissibility of this evidence, and the court sustained the objection. The plaintiff excepted.

8TH EXCEPTION. The plaintiff then exhibited a bill of sale executed during the trial by *Mr.* and *Mrs. Miles*, whereby they conveyed and assigned to the plaintiff all their interest in negro *Matthias*, and also the copy of the last will of the plaintiff's testator, before mentioned. But the court still held, that *Mrs. Miles* was not a competent witness. The plaintiff excepted.

9TH EXCEPTION. The plaintiff then offered to read as evidence to the jury, the said last will. But the court held, this was not admissible. The plaintiff excepted.

The cause being then argued before them, the jury rendered a verdict, which was thus entered by the clerk: "The said jury

upon their oaths do say, as to the first issue within joined, that the said *Thomas W. Morgan* did not take nor detain the said negro, as," &c.  "And the said jury do further say, as to the second issue within also joined, that the property of the negro within mentioned, at the within time," &c., "was in the said *Thomas W. Morgan*, as," &c.  "And the said jury do further say, as to the third issue also within joined, that the property of the negro within mentioned, at the within time," &c., "was in a stranger, as the said *Thomas W. Morgan* within, by pleading, hath alleged."

The plaintiff then moved in arrest of judgment: 1st. Because there are no sufficient plea filed in the cause.  2nd. Because the jury did not ascertain upon which of the issues they found their verdict.  3rd. Because the jury have found, by their verdict, facts incompatible and inconsistent with each other.  4th. Because the verdict is void for uncertainty and ambiguity.  5th. Because the jury found no facts on which the judgment can be given.

This motion was overruled, and judgment rendered for defendant.  The plaintiff appealed to this court.

The cause was argued before DORSEY, C. J., CHAMBERS, MARTIN and FRICK, J.

By PRATT and CAUSIN, for the appellant, and
By THOS. S. ALEXANDER, for the appellee.

SPENCE, J., delivered the opinion of this court.

We think the county court were correct in refusing the plaintiff's first prayer, for the reasons assigned by them.  The court erred, in the second exception, by excluding the evidence of *Colonel Coombs* from the jury.  Notwithstanding his evidence might not have been competent when isolated and unexplained, yet, when followed up by *Dunkinson's* evidence, which was done before objection was made, it was admissible.  This court, in the case of *Smith's Exc'r vs. Garner*, (7 Gill, 1,) at December term, 1848, decided that *Mrs. Miles'* declarations,

made under similar circumstances, were competent testimony to go to the jury. The court correctly excluded *Mrs. Miles* as a witness in the third exception. She was a distributee of her father's estate, who was plaintiff's testator, and as such distributee, in the absence of a will, would be interested, the will not having been offered in evidence. For the same reason the court properly excluded *Mrs. Miles* as a witness under the 4th exception. She was a distributee, and by the release of her interest in the negro *Matthias*, did not release her entire interest in the estate of her father, and she remained, therefore, interested in the augmentation of his estate. There is no error in the ruling of the court in the 5th exception. The plaintiff, in this exception, with a view to restore the competency of *Mrs. Miles* as a witness, offered in evidence the will of *Elwiley Smith*, in connection with the release of *Thomas H. Miles* and *Caroline E. Miles*, his wife. By the will offered in evidence in this case, the testator gave to his daughter, *Caroline E. Miles*, the negro *Matthias*, (the negro in controversy in this case,) "for her sole and separate use, exclusive of any control of her husband, *Thomas H. Miles*, for and during the term of the natural life of her, the said *Caroline E. Miles*." We forbear to enter upon the examination of the question of a *feme covert's jus disponendi* of her estate, which she holds to her sole and separate use, where the instrument under which she holds, confers no such power in terms. Whether she is to be considered, in courts of equity, as a *feme sole*, with power to dispose, or possessing only such powers as the instrument which confers her title bestows, is a question which, according to our view, in this case it is unnecessary to decide. This was a trial at law, and the question is, whether, at law, the wife alone, or the husband and wife conjointly, can divest the wife's interest in property to which she is entitled to her sole and separate use? We think they cannot; and the release and will did not render *Mrs. Miles* a competent witness. The judgment of the court was correct in the sixth exception, for the reasons assigned on the fifth. The court erred in the seventh exception, by excluding from the jury the evidence of *Foxwell.* The acts and

Smith, Exc'r of Smith, *vs.* Morgan.—1849.

declarations deposed to by him, were competent and admissible evidence as a part of the *res gesta* of the transaction. The court properly excluded the evidence in the eighth exception, for the reasons stated in our opinion on the fifth exception. The court erred in withholding from the jury the will offered in evidence by the plaintiff, in the ninth exception. The possession and right of property were involved in the issue, the declarations and acts of the plaintiff's testator had been given in evidence to the jury by both parties, and the will was admissible as a declaration, and claim of possession, and property to the negro in dispute, made by the testator in his lifetime.

The court committed no error in overruling the plaintiff's motion in arrest of judgment. The pleadings appear to be in conformity with the forms used and practised under in *Maryland*, from an early period in the history of the practice in this State. *Vide* 2 *Har. Ent.*, 247. In this case the defendant pleaded three pleas. The first, *non cepit*. The second, property in the defendant; and the third, property in a stranger. The plaintiff, in his replication, joined issue on the first plea, and traversed the defendant's second and third pleas by affirming property in himself; upon which traverses issues were joined. *Vide* 6 *H. & J.*, 469, *Cullum vs. Bevans*. The jury found their verdict for the defendant. The form in which it is set out in the record, is a clerical misprison, which, under the act of 1809, ch. 153, is amendable by this court.

The judgment of the county court is affirmed in the first, third, fourth, fifth, sixth and eighth exceptions, and reversed in the second, seventh and ninth exceptions, and *procedendo* awarded.

JUDGMENT REVERSED, AND<br>PROCEDENDO AWARDED.