## John Mitchell and Geo. A. Mitchell, *vs.* Arundel Smith.

Where an assault has been committed by two, the party injured may sue them jointly, and if he does so, and one is taken and the other not, but is brought in on renewal of the writ, the court may, upon motion of the plaintiff, consolidate the cases if they stand separate on the docket.

The acts of 1825, ch. 167, and 1837 ch. 211, relate to the consolidation of suits *ex contractu.* and not to actions *ex delicto,* and the latter are still to be governed by the principles of the common law.

Allowing the plaintiff to withdraw his separate nar against one of the defendants, is within the discretion conferred upon the courts, in regard to amendments of pleadings before verdict, by the acts of 1785, ch. 80, *sec.* 4, and 1809, ch. 153, *sec.* 1.

A defect which will destroy the validity of a verdict must be a *substantial* one; if the verdict is expressed substantially in the terms of the issue, it is sufficient.

A declaration against two for an assault alleged, that both committed it; there were two separate pleas of *non cul,* one by each defendant, and also two special pleas by each, that plaintiff committed the first assault upon one of the defendants, upon all of which issues were joined.   The verdict was "as to the *first* issue, that defendants are guilty of the premises within charged upon *him,* in manner and form as the plaintiff hath within alleged," and "as to the *other* issue, that defendants, of their own wrong, and without any

such cause as they within by pleading *hath* alleged, assaulted the plaintiff, in manner and form as he hath within alleged." HELD :

That this is a *substantial* finding of the jury upon the matters put in issue, and is sufficient to support a final judgment in favor of the plaintiffs.

APPEAL from Prince George's County Court.

This was an action for an *assault and battery*, committed by the appellants upon the appellee, and was instituted against them jointly. The writ was served upon John only, and an *alias writ* was sued out against Geo. A. The declaration was filed against both at April term 1850, and at the same term the *alias* writ was returned *non est*, a second one sued out, and John pleaded separately *non cul*, and *son assault demesne*. At November term 1850, the second *alias* writ was returned *cepi*, and Geo. A. appeared by attorney. At April term 1851, the plaintiff declared against Geo. A. separately, which declaration was afterwards upon motion ordered to be withdrawn, and, upon motion of the plaintiff, the court, at the same term, ordered the case against Geo. A. to be consolidated with that against John. To both of these orders the defendant Geo. A. excepted, and prayed an appeal, which was granted. (See 2 *Md. Rep.*, 271, where this appeal was dismissed.) At the same term issues were joined upon the two pleas of John Mitchell, and Geo. A. separately pleaded *non cul*, and that the plaintiff first made an assault upon the said John, the father of the defendant Geo. A. and would have beaten him, &c., unless he the said Geo. A. had defended him. Issues were also joined upon both these pleas. The case was then tried, and the jury rendered the verdict which is set out in the opinion of this court. The defendants then moved in arrest of judgment, and this motion being overruled, they appealed.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*John M. S. Causin and Thos. G. Pratt* for the appellants, argued that the act of 1825, ch. 117, did not extend to motions in arrest, but upon such motion the whole record is be-

fore the court, and the judgment, if for any reason erroneous will be reversed, though the point was not raised in the court below. (6 *H. & J.*, 86. 2 *G. & J.*, 207. 4 *G. & J.*, 407. 5 *G. & J.*, 110; and this being so, the court erred in overruling this motion, because :

1st. The verdict is radically defective, not being rendered upon all the issues separately joined by John and Geo. A. Mitchell.

2nd. No power resided in the court to consolidate the actions, upon motion of the *plaintiff*, against the wish of one of the defendants, the privilege of forcing a consolidation being exclusively that of *defendants*, and is in this State dependent entirely upon the statute of 1825, ch. 167, and 1837, ch. 211, which do not apply to actions *ex delicto*, but only to those *ex contractu*. *Ev. Pr.*, 245. For the English rule in such cases see 1 *Strange*, 420. 1 *Tidd*, 493, 494, 644. 2 *Wilson*, 227. 1 *Chitty's Rep.*, 410, *note (a.)* 3 *Chitty's Pr.*, 642, 643. 2 *Barn. and Ald.*, 598.

*Thos. F. Bowie* for the appellee.

1st. The verdict is a general one, and the errors in it are mere clerical errors, which will be corrected by this court. 8 *G. & J.*, 126. 7 *G. & J.*, 73. 8 *Gill*, 140.

2nd. The order to consolidate, was in accordance with the well settled powers of a court of common law jurisdiction, and its exercise depends entirely on the discretion of the court. 22 *Pick.*, 68. 17 *Pick.*, 263. 10 *Pick.*, 16. 18 *Pick.*, 29. 4 *Cowen*, 78. 5 *Cowen*, 282. 2 *Steph. Nisi Prius*, 1449. 2 *Term Rep.*, 639. 1 *Chitty's Rep.*, 709. The plaintiff had a right to sue the parties jointly in order to prevent one of the co-trespassers from being a witness for the other.

Eccleston, J., delivered the opinion of this court.

Where an assault has been committed by two persons, the party injured may sue them jointly or separately, at his pleasure. If jointly and one is taken but the other not, and on the renewal of the writ he is brought into court, we see no good reason, why, at the instance of the plaintiff, if the cases

stand separately on the docket, the court should not order them to be tried before the same jury, or consolidated. A denial of such authority in the court would furnish the defendants a very easy method of effectually putting an end to the plaintiff's right to a joint suit. All that is necessary to effect this is, for one of the defendants to elude the sheriff.

In some instances where separate suits have been instituted, which depended upon the same facts and principles, and were to be supported by the same evidence, courts have ordered them to be put to the same jury, at the same time. *Witherlee vs. Ocean Ins. Co.*, 24 *Pick.*, 68. But, whether, in the present case, the court would have been right in ordering a consolidation, if the plaintiff had elected to issue separate writs, in the first instance, is not a question presented by the record, and therefore need not be decided.

The acts of 1825 ch. 167, and 1837 ch. 211, referred to by the appellants, relate to suits *ex contractu*, and making no provision as to *actions ex delicto*, which are still to be governed by the principles of the common law.

An order to consolidate, in such a case as the one before us, will not, any more than where the suit was joint from the commencement to the time of trial, deny to a defendant his privilege of calling upon the court to put his case separately to the jury, where in the exercise of a sound discretion, the court are satisfied that there is no evidence, or very little evidence, to charge him. At the time of ordering this consolidation, there was nothing to show an absence of proof in regard to either defendant.

The order of the court allowing the plaintiff to withdraw his separate nar, against George A. Mitchell, has been objected to, but we see no error in this ruling of the court. The discretion in regard to the amendment of proceedings before verdict, given by the acts of 1785, ch. 80, sec. 4, and 1809 ch. 153, sec. 1, was not exceeded in the present instance.

It is said the verdict is so uncertain and defective that a valid judgment could not be rendered upon it, and therefore, the court were wrong in not sustaining the motion in arrest of judgment.

Mitchell vs. Smith.

The verdict as stated in the record is, the jury "say as to the first issue within joined, that the said defendants are guilty of the premises within charged upon him, in manner and form as the said plaintiff hath within alleged, and as to the other issue within joined, the said jurors upon their oath aforesaid, further say, that the said defendants of their own wrong, and without any such cause as the said defendants within by pleading hath alleged, made an assault upon the said plaintiff, and then and there did beat, wound and evilly treat the said plaintiff, in manner and form as the said plaintiff hath within, in his replication in that behalf alleged," &c.

Technically speaking there were four issues. Each defendant put in a separate plea of *non cul*, and issue was taken on each. A separate special plea was filed by each defendant, to which the plaintiff replied, separately, and issues were joined.

As the verdict, in the beginning, speaks of the *first issue*, and then only of the *other issue*, it certainly is not free from objection for want of perspicuity; but this may be true and yet it may be substantially correct. In *Stearns vs. Barrett*, 1 *Mason's Rep.*, 169 to 173, where a defective verdict was under consideration by Mr. Justice Story, it is manifestly his opinion, that a defect which will destroy the validity of a verdict, must be a substantial one. On page 173 he says, "that whenever a verdict is not expressed substantially in the terms of the issue, the case ought to be extremely clear, that should induce a court to make it the ground of a final judgment." If this be so, it follows as a legitimate conclusion, that when the verdict is expressed substantially in the terms of the issue, then a final judgment may properly be rendered upon it.

The present verdict we consider a substantial finding of the jury, upon the matters put in issue. Although, in terms, it begins by speaking of the first issue, yet it proceeds to state that "the said defendants are guilty of the premises within charged upon him, in manner and form as the said plaintiff hath alleged." Now what are the premises within charged, as the plaintiff hath alleged? His allegation in the nar is, that both defendants committed an assault and battery upon

him.   The jury say the *defendants* are guilty of this charge ; not one of them only, but both.

On page 169 Mr. Justice Story declares that the verdict in that case did not, in terms, find the issue joined by the parties; but he says, "if, however, the court can collect the point in issue, out of the verdict, it will be sufficient." We suppose there can be no difficulty in ascertaining from the verdict before us, that both defendants are found guilty of the assault and battery, which is the matter put in issue by the two pleas of *non cul.*

That portion of the verdict which relates to the issues founded upon the special pleas, begins by saying, "as to the *other issue*," when but one had been previously spoken of, in terms, whereas there were four issues.   This, however, is not a fatal error, inasmuch as the jury find "that the said defendants of their own wrong, and without any such cause as the said defendants within by pleading hath alleged, made an assault upon the said plaintiff," &c.   Although commencing with the words, "as to the other issue," the verdict expressly negatives the defences set up by the defendants in their special pleas; not in one special plea only, but in both ; for the finding of the jury is, "that the said defendants of their own wrong and without any such cause as the said defendants within by pleading," &c.   Therefore, the issues growing out of the two special pleas are found by the jury, substantially, in favor of the plaintiff.

It is true, in technical language, there were two issues of *non cul,* but both presenting the same question ; the *first* plea filed by John Mitchell, being that on which one of these issues was based, and the *first* plea filed by George A. Mitchell, being the foundation of the other.   As, therefore, the two issues, in point of fact, presented one and the same question, and the issues were framed upon the pleas *first* filed, as just stated, the jury, no doubt, supposed, that by saying "as to the first issue," &c., they were including both defendants, as the subsequent language clearly shows they intended.   So in reference to the issues upon the special pleas ; although two,

yet both pleas allege in defence that the plaintiff committed the first assault upon John Mitchell, thereby presenting but one and the same question, in reality. This being so, the jury might very well suppose, that after having spoken of the *first* issue, and then using the language employed in the subsequent part of the verdict, beginning with, "and as to the other issue," they were including both defendants, and were deciding the only question remaining to be settled; that is whether the plaintiff did first assault John Mitchell. They negative this defence, and say the assault was committed by the *defendants*, as alleged by the plaintiff. See 8 *Gill*, 140, *Smith, Exc'r of Smith, vs. Morgan.*

There are some grammatical errors in the verdict, such as *him* where it should be *them*, and *hath* instead of *have.* Looking to their connection with the different parts of the verdict, we consider them, manifestly, nothing more than errors in grammar, which cannot invalidate the verdict.

Perceiving no error in the ruling of the court below, the judgment will be affirmed.

*Judgment affirmed.*