A. HAMILTON, Trustee, *vs.* LE BARON B. COLT, Assignee.

A statute provided that payments made and securities given by a debtor, insolvent or in contemplation of insolvency, within sixty days of the commencement of proceedings against him for the appointment of a receiver of his property, with the view of preferring any creditor upon a preëxisting debt or any person under liability for such debtor, should be void as to all creditors receiving the same who had reasonable cause to believe that the debtor was insolvent when such preference was given. If the preference was by mortgage the sixty days were to run from the time of its record.

H. received, February 26, a mortgage from W. which was not recorded till April 12. W., March 19, made an assignment. April 19, H. replevied the assigned property from the assignee, and, May 7, the assignee instituted proceedings against W. which resulted in the appointment of the assignee as receiver of W.'s property.

In the replevin suit, on exceptions:

*Held*, that the assignee under proper pleadings could avoid the mortgage by showing that it was made by an insolvent debtor to prefer a creditor within sixty days before the commencement of proceedings for the appointment of a receiver, the creditor having reasonable cause to believe the debtor insolvent.

*Held*, further, that the mortgage if made in these circumstances was *ab initio* void under the statute.

*Held*, further, that the proceedings for the appointment of a receiver, though begun after the inception of the replevin suit, defeated the title of the plaintiff in replevin by rendering his title void *ab initio*.

*Held*, further, that the defendant in replevin, whatever might be his title under the assignment, could as against the plaintiff show the invalidity of the latter's mortgage title.

The defendant pleaded:

1. Property in himself and not in the plaintiff.
2. Property in himself as assignee and not in the plaintiff.
3. *Non cepit*.
4. His appointment as receiver setting forth the proceedings, and property in himself as such.

The plaintiff demurred to the 1st, 2d, and 4th pleas.

*Held*, that the demurrer to the 4th plea was properly sustained.

The demurrers to the 1st and 2d pleas were overruled, whereupon the plaintiff replied reaffirming his title under the mortgage, and the defendant rejoined alleging the invalidity of the mortgage, and setting forth the reasons of the invalidity. The plaintiff demurred to the rejoinders, and the court sustained the demurrers.

*Held*, that the court erred in sustaining these demurrers.

*Held*, further, that the replication was bad in that it did not simply reaffirm title and tender issue.

There being thus nothing left but the plea of *non cepit*, the case was heard on the question of property in the replevied goods and the jury found the property to be in the plaintiff.

*Held*, that the trial and the exceptions taken in its course were abortive.

*Held*, further, that the court would order the pleadings to be amended and remand the case for trial under the amended pleadings.

EXCEPTIONS to the Court of Common Pleas.

*July* 7, 1883. DURFEE, C. J. This is replevin for a stock of goods claimed by the plaintiff as mortgagee of one Maurice Walsh, under a mortgage made February 26, 1880, but not recorded until April 12, 1880. The goods were taken from the defendant on the writ of replevin April 19, 1880, the defendant then having them in his possession under an assignment from Walsh, made March 19, 1880. One of the defences to the action is that the mortgage to the plaintiff is void, under Pub. Laws R. I. cap. 723, of June 20, 1878.[1] Section 4, of cap. 723, provides that "conveyances and payments made and securities given by an insolvent debtor, or by a debtor in contemplation of insolvency, within sixty days of the

---

[1] Printed in 13 R. I. 156 *sq.* See, also, Pub. Stat. R. I. cap. 237, § 15.

commencement of proceedings against such debtor under this act, with the view of giving a preference to any creditor upon a preëxisting debt, or to any person under liability for such debtor, over another creditor, shall be void as to all creditors receiving the same who shall have reasonable cause to believe that such debtor was insolvent at the time of such preference." Another section provides that where, as here, the preference is by mortgage, the sixty days aforesaid shall not begin to run until the mortgage is recorded. The proceedings against the debtor, mentioned in section 4, are proceedings for the appointment of a receiver under section 2 of the chapter, and the defendant claims that such proceedings were commenced May 7, 1880, being less than sixty days after the plaintiff's mortgage was recorded, and that they resulted in the appointment of the defendant as receiver. We think the defence is open to the defendant, and that under proper pleadings it is competent for him to show that the plaintiff's mortgage is void by showing that it was not recorded until less than sixty days before the commencement of the proceedings aforesaid, that it was made originally for the purpose of giving the plaintiff a preference on a preëxisting debt, that the mortgagor was then insolvent, and that the plaintiff had reasonable cause to believe that he was insolvent. For the mortgage, if so given and received, though it might have ripened into validity if no proceedings had been commenced against the mortgagor, under section 3, within sixty days after it was recorded, was nevertheless tainted at its inception; and when, within sixty days after it was recorded, the proceedings were commenced, it instantly became void *ab initio* under the statute. It may be thought that the plaintiff had a right to replevy the goods, when he replevied them, the proceedings not having then been commenced, and that if he then had the right, it would not be defeated by the commencement of proceedings afterwards; but we do not think the position is tenable, because the court is bound, under the statute, to regard the mortgage as originally void whenever the proceedings are commenced, if commenced within sixty days, and we therefore think the defendant has a right to show the subsequent commencement of proceedings to invalidate the mortgage by relation, and think the plaintiff must be held to have begun his action subject to that risk. The plaintiff

contends that the defendant, as a mere voluntary assignee, has no right to impugn a mortgage given by his assignor before the assignment. We cannot assent to this view. The statute makes a mortgage, which is violative of its provisions, not simply void or voidable as against creditors and *bonâ fide* purchasers, but generally void; and, therefore, the defendant, whatever may be thought of his title by assignment, has a right to maintain his possession against the plaintiff by showing that the mortgage under which the plaintiff claims is void, the principle which might estop the mortgagor from showing it, because he could not show it without alleging his own fraud, being inapplicable to him. Indeed the introduction of any proof of the assignment by the defendant, under his plea of property, to the action of replevin, is entirely unnecessary, his title by possession being sufficient until the plaintiff can show a better title, and the plaintiff does not show a better title by producing a void mortgage, which is in law a mere nullity. *Cullum* v. *Bevins*, 6 Har. & J. 469, 471; *Marsh* v. *Pier*, 4 Rawle, 273, 283; *Quincy* v. *Hall*, 1 Pick. 357, 360; *Whitwell* v. *Wells*, 24 Pick. 25, 32; *Simcoke* v. *Frederick*, 1 Ind. 54; *Halstead* v. *Cooper*, 12 R. I. 500, and cases there cited.

The case at bar comes up from the Court of Common Pleas on exceptions. In the court below the defendant first pleaded three several pleas, to wit: 1. Property in himself and not in the plaintiff; 2. Property in himself, specifically alleging his title as assignee, and not in the plaintiff; and 3. *Non cepit*. Subsequently he pleaded a fourth plea, setting forth the proceedings for the appointment of a receiver and his appointment as such, and averring that by virtue thereof the property in suit vested in him. The plaintiff demurred to the first two and the fourth pleas, and joined issue to the jury on the plea of *non cepit*. The court below sustained the demurrer to the fourth plea, rightly, we think, and overruled the demurrers to the first two pleas. The plaintiff then replied to the first two pleas, and, instead of simply reaffirming property in himself and tendering issue thereon, as he ought to have done by the rules of good pleading, he reaffirmed his right, and reaffirmed it because of the mortgage, or under the mortgage, and thereupon the defendant rejoined denying the validity of the mortgage, setting forth the grounds of denial in his rejoinders.

The plaintiff demurred to the rejoinders, and the court below sustained the demurrers. Unless the rejoinders put in issue something more than the plaintiff's right under the mortgage, and it does not appear that they were understood by either the court below or the parties to put anything more in issue, we think the court below erred in sustaining the demurrers. At this stage of the proceedings there was only one issue left for trial, namely : the issue to the jury under the plea of *non cepit*. The case was then tried to the jury, but the jury, instead of rendering a verdict under the plea of *non cepit*, rendered a verdict on the question of property, finding that the property and right to the goods were in the plaintiff. In fact the report of the trial, filed as a part of the bill of exceptions, shows that the question of property was the only question which was tried to the jury, though there was no issue to the jury on which it could be tried to them. The trial was therefore utterly abortive, and any exceptions taken in the course of it, like the trial itself, must go for nothing.

It is evident that, in this state of the record, the case would have to go back for a new trial, if it were only because the issue on the plea of *non cepit* still remains for decision. In this respect the case resembles *Boynton* v. *Page*, 13 Wend. 425, where there were issues to the jury on pleas of *non cepit* and property, and the jury found for the plaintiff, but only on the plea of *non cepit*. There, after judgment against the defendant, on error, the judgment was reversed and the case remanded for a new trial, though the bill of exceptions attached to the record stated that all the issues were found for the plaintiff. See, also, *Bemus* v. *Beekman*, 3 Wend. 667. We think, moreover, that the court below, as before intimated, erred in sustaining the demurrers to the defendant's rejoinders. The rejoinders may have been defective in form or fulness, though it does not appear that the demurrers were sustained on that account. The court of course should, and doubtless would have allowed such defects to be removed by amendment, or, better still, should have complied with a motion, which the record shows was made by the defendant, to strike out the second plea of property, and the replication, rejoinder, and demurrer following thereon, and also to strike out the replication, rejoinder, and demurrer under the first plea of property, giving the plaintiff

leave, however, to reply anew in the usual form, reaffirming his right of property and tendering issue to the jury thereon. The second plea was the same as the first, except in its superfluous averments, and therefore might well be stricken out as tending to confusion. The plaintiff's replications were faulty for argumentativeness and unnecessarily protracted the pleadings. The plaintiff, under the replication reasserting property in himself, can in our opinion prove property in himself in any form in which he has it which will entitle him to recover. Under the broad power given us by Pub. Stat. R. I. cap. 220, § 20, we shall do what we think the court below should have done, and order said second plea, replications, rejoinders, and demurrers stricken out in compliance with said motion, granting the plaintiff leave to reply anew to the first plea, and thereupon will send the case back to the Court of Common Pleas for a new trial.

Order entered *July* 7, 1883. *Ordered that the plaintiff's demurrer to the defendant's fourth plea, filed at the March Term of the Court of Common Pleas,* 1881, *and the judgment of said Court of Common Pleas sustaining said demurrer, are sustained. The defendant's second plea, and the replication, rejoinder, and demurrer filed under the same and thereto, and also the replication, rejoinder, and demurrer filed to and under the first plea, are stricken out: the plaintiff having leave to reply anew to said first plea. The cause is remanded for trial or new trial under said first plea, and also under the plea of* non cepit.

*Charles A. Wilson*, for plaintiff.

*William H. Baker*, for defendant.