(Decided 5th February, 1874.)

RICHARD STREEKS *vs.* EDWARD F. DYER and ED-WARD G. CADLE, trading as DYER & CADLE.

*Plea of former Recovery.*

Where to a declaration containing two counts, the one claiming damages for the conversion of certain specified property, and the other for wrongfully taking the same property and depriving the plaintiffs of the use thereof, the defendant pleads not guilty, and a general verdict is rendered for the plaintiffs, and judgment is entered accordingly, such verdict and judgment are sufficiently certain to enable the defendant to plead the same in bar to another suit on the same cause of action.

Where a former recovery is pleaded to an action, and the identity of the cause of action in the first and second suits cannot be determined by the pleadings, it may be established by evidence *aliunde* at the trial.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Daniel Clarke*, for the appellant.

The first count in the declaration as amended, is a count in *trover*. Trover lies not only to recover the value of the thing at the time of conversion, but damages for the conversion from the time of conversion to suit brought. *Buel vs. Pumphrey*, 2 *Md.*, 261 ; *Shotwell vs. Wendover*, 1 *Johns.*, 65 ; *Wilson vs. Conine*, 2 *Johns.*, 280.

This count claims only damage for the *conversion*, and does not seek to recover the *value of the* thing at the time of conversion. The measure of damages in trover, is the value of the goods at the time of the conversion. *Hepburn vs. Sewell*, 5 *H. & J.*, 211.

The second count in the declaration is in *detinue*, and seeks to recover for damages " by the deprivation of said property," and "damages for their detention." · The verdict was a general one. If there is any uncertainty as to the scope or effect of the judgment, then the motion in arrest should have been granted. There must be such reasonable certainty in every judgment that there may be no doubt what is decided, and that the party may be able to plead it. *Boteler and Belt vs. State, &c.*, 8 *G. & J.*, 385 ; *Stirling, et al. vs. Garritee*, 18 *Md.*, 469.

A judgment *in detinue* does not change the property, but ascertains its value and allows the plaintiff to claim the property or its value. *Sharp vs. Gray*, 5 *B. Monroe*, 5. A judgment in *trover*, when satisfied, operates as a transfer of the title from the time of conversion. *Stirling vs. Garritee*, 18 *Md.*, 469. Upon which count in this declaration is the verdict and judgment rendered? It cannot be upon both. A recovery upon the first count operates as a transfer of title from the time of conversion. A recovery *in detinue* gives the plaintiff a right to recover the very goods, if they can be obtained, and ascertains their value.

If this judgment was satisfied, would the property be changed? Might not the defendant still be sued in trover?

A judgment founded upon this verdict can have no such reasonable certainty that the defendant would be enabled to plead it in bar of any subsequent suit for the same cause of action. *Boteler vs. State*, 8 *G. & J.*, 385 ; *Stirling vs. Garritee*, 18 *Md.*, 474.

*William H. Tuck*, for the appellees.

The Code allows plaintiffs to sue either for conversion, or for wrongfully depriving them of their property. *Art. 75, sec. 22, paragraph* 29. The declaration in this case complies with this provision of the Code, by having two counts, either or both of which are sufficient. If it were one count in the alternative, it would be a good declaration.

STEWART, J., delivered the opinion of the Court.

There were two counts in the plaintiffs' declaration— the one claiming damages for the conversion of certain property, and the other for wrongfully taking and depriving the plaintiffs of certain property.

The defendant pleaded not guilty to both, and the jury rendered a verdict in favor of the plaintiffs. The defendant moved in arrest of judgment, alleging as reasons that the verdict was general, not showing whether found on the first or second count.

From the decision of the Circuit Court overruling this motion, and the rendition of a judgment on the verdict, the defendant has taken this appeal.

The appellant in his brief, assuming both counts to be good—the one as a count *in trover*, and the other *in detinue*—contends that the general verdict and the judgment thereon, are erroneous, because they do not afford sufficient certainty to enable him to plead the recovery in this suit in bar to another action for the same matter.

There is no doubt, it is the policy of the law to prevent the repetition of suits between the same parties, for the

same subject-matter; and that a party is not allowed to recover twice for the same cause of action; and in order that parties may avail themselves of the defence of a former recovery, there should be reasonable certainty in all pleadings.

But from the multiplicity and variety of the causes of action, it is impracticable to establish rules of pleading that will enable the Courts to ascertain from the record alone, in all cases, whether a second suit is identical with the first. Therefore such a defence is not confined to a mere estoppel by the record, but may be proven by evidence, as any other issue.

The operation of the rule of *res adjudicata*, has frequently been before this Court, and was explained in the recent case of *Whitehurst vs. Rogers*, 38 *Md.*, 503, and it is unnecessary to reiterate the extent and purport of the rule.

It was stated that the identity of the first and second actions is not determined alone by the pleadings, but by proof.

Parties may not choose in the conduct of a suit to present their pleadings in such definite forms as to enable the Court to determine the identity of two suits. In adjudicating upon a pending suit, the primary duty of the Court, is to determine from the proceedings the corresponding rights of the litigants therein involved. Whether the pleadings are of such a character, as to prevent another suit for the same matter, is of secondary consideration. The Courts may dispose of the case before them, but they cannot provide against all future controversy between the parties.

Whether the same matter is involved in a future suit, must depend upon the proof to be adduced at its trial.

So far as the verdict and judgment in this case may operate to conclude the parties; it is obvious the plaintiffs

are as much concluded by the record of proceedings as the defendant.

Upon what theory can the defendant be prejudiced from the application of the general verdict to all the wrongs alleged in both counts?

In the absence of other proof than the *record*, is not the defendant fully protected by the same which operates, *prima facie* at least, as a bar to any further suits for any and all the wrongs alleged in both counts?

There is no valid reason to prevent the plaintiffs from recovering the amount of the verdict, simply because it includes all their demands in both counts.

Because the two counts are good, furnishes no reason for the arrest of the judgment, when if only one be good, the Court, according to the provision of the 8th sec. of Art. 75, of the Code, would not arrest the judgment.

Such a result would make two good counts more prejudicial to the plaintiffs, than one or more bad counts joined with one good count, which is all that is necessary after the verdict, to support the judgment.

No just rule of pleading can sanction such conclusion from the joinder of two good counts. The case of *Stirling vs. Garritee*, 18 *Md.*, 474, relied upon by the appellant's counsel, does not determine the question involved here. There was but one count in that case which the Court considered defective, for the reasons stated, which do not apply to this case.

*Judgment affirmed.*

(Decided 5th February, 1874.)