JOE BRENNER, Trading as Reliable Junk Company
and THE OCEAN ACCIDENT & Guarantee
CORPORATION, LTD.

*vs.*

TOBA BRENNER and MARY BRENNER.

*Statutes: construction; intent. Employers' Liability Act: appeals; insurance carrier; jurisdiction; foreign corporations; doing business in State; courts having jurisdiction over.*

The cardinal rule in the construction of statutes is to ascertain the legislative intent, as expressed in the words of the statute; and for this purpose the whole Act must be construed together. p. 193

The real intent, when ascertained, will always prevail over the literal sense of the language used. p. 193

The object and purpose of Ch. 800 of the Acts of 1914—the Employers' Liability Act, sec. 56 of Art. 101, Bagby's Code, Vol. III—was to provide a speedy and inexpensive method by which, in the case of injuries to employees, compensation might be made to them, or to those depending upon them, with-

out delay of long litigation and at a minimum of cost; and to substitute a more nearly uniform scale of compensation in such cases than is attainable from the divergent estimates of juries, and to avoid the application of certain well established rules of law, which in some cases have seemed harsh in their operation.

p. 192

The insurance company, insuring against the claims of employees, according to the terms of the law, occupies the position of surety for the employer.      p. 194

The words of section 56 of Article 101 of the Code, giving the right to hear appeals from the decisions of the Commission, to the circuit courts, or law courts of Baltimore City, having jurisdiction over the place where the accident occurred, or over the person appealing from such decision, includes the insurance carrier, as a party interested, to whom the right of appeal is given.

p. 193

For the purpose of an appeal from the finding of the Commission, the insurance carrier can ony address itself to the Court having jurisdiction in the county where the insurance was solicited and obtained.      p. 194

The mere fact that the main office of the insurance carrier is located in a distant county does not vest the court of that county with concurrent jurisdiction to entertain such an appeal. p. 194

A foreign corporation that has complied with the statutes so as to enable it to do business in this State, is amenable to the process of any of the courts in the State.      p. 192

*Decided December 2nd, 1915.*

Appeal from the Superior Court of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*George Weems Williams* (with whom were *William L. Marbury* and *William L. Rawls* on the brief), for the appellants.

*Frank G. Wagaman* (with whom was *Albert J. Long* on the brief), for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The primary question presented on this appeal is the correctness of a ruling of the Superior Court of Baltimore City, as to the jurisdiction of that Court to entertain an appeal which had been taken to it from an award of the State Industrial Accident Commission.

The facts, so far as they are necessary to be now considered, are as follows:

The Reliable Junk Company was engaged in conducting a business such as the name implies, in Hagerstown, Washington County. The name was not that of a corporation, but a name for a business which was conducted either by Joe Brenner alone or by him in connection with a Mr. Coffman, or by one or the other or both of these gentlemen in connection with Morris Brenner.

On January 15th, 1915, Toba Brenner and Mary Brenner, the mother and sister respectively of Morris Brenner, filed a claim under Chapter 800 of the Act of 1914 (Workmen's Compensation Act) as dependents of Morris Brenner, the son and brother of the claimants, in which it was alleged that Morris Brenner was an employee of the Reliable Junk Company, and while such employee received injuries resulting in death on the 5th December, 1914. The Industrial Accident Commission by its findings held the business to be that of Joe Brenner, that Morris Brenner was an employee, that he suffered death as the result of an explosion while working for and upon the premises occupied by the Reliable Junk Company, that the claimants were partial dependents and awarded them compensation. The Ocean Accident and Guarantee Corporation, Limited, which had issued a policy and was thus

the insurance carrier of the liability, was made a party to the proceedings. Upon the award being made by the Commission an appeal was taken by the Guarantee Corporation to the Superior Court of Baltimore City, whereupon Toba and Mary Brenner through their counsel moved to dismiss the appeal, which motion was granted, and the appeal dismissed, and it is from such order of dismissal of that appeal, that the case has been brought to this Court.

The question presented by the motion is one of jurisdiction only. To sustain that jurisdiction the appellants rely upon section 55 of the Act, codified as section 56 of Article 101 of the Code, and particularly upon the following language in said section:

"Any employer, employee, beneficiary or *person feel-ing aggrieved by any decision* of the Commission affecting his interests under this Act may have the same *reviewed* by a proceeding in the nature of an appeal and initiated in the Circuit Court of the County, or in the common law courts of Baltimore City, having jurisdiction *over the* place where the accident occurred or *over the person appealing from such decision,* and the Court shall determine whether the Commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the Act, whether it has misconstrued the law and facts applicable to the case decided."

The argument is, that inasmuch as jurisdiction to entertain such appeal is conferred upon the Court having jurisdiction over the person appealing from such decision, and that appeal in the present case having been taken by the insurance carrier, a corporation, the agent of which is within the jurisdiction of the Superior Court, therefore, that tribunal is clothed with power to entertain the appeal.

It is also true that the Insurance carrier, in this case a foreign corporation which has complied with the statutes so as to enable it to do business in this State, is amenable to the process of any of the Courts of this State. It is necessary,

therefore, to determine if possible the intent of the Legislature in the passage of the Act upon this subject.

By section 60 of the Act it was provided that, "the rule that statutes in derogation of the common law are to be strictly construed, shall have no application to this Act; but this Act shall be so interpreted and construed as to effectuate its general purpose."

The rules of statutory construction have been laid down in this State in the following language: "The cardinal rule in the construction of a statute is to ascertain the intention of the Legislature as it is expressed in the words of the statute, and for this purpose the whole of the Act must be considered together." *Mitchell* v. *State,* 115 Md. 360; *Healy* v. *State,* 115 Md. 377; *Purnell* v. *State Bd. of Ed.,* 125 Md. 266. And "the real intent when ascertained will always prevail over the literal sense of the language." *Cutty* v. *Carson,* 125 Md. 25-33, and cases there cited.

While the legislation of this character is of recent growth in this country the end sought to be accomplished is thoroughly well understood. The object and purpose of such legislation has been two-fold: first, in cases of injury to employees to provide a speedy and inexpensive method by which compensation might be made to them or those dependent upon them without the delay of long and tedious litigation, and at a minimum of cost; and secondly, to substitute a more uniform scale of compensation in cases of accident than could be obtained from the varying and often widely divergent estimates of juries, and also to avoid the application of certain well established rules of law, which in some cases have seemed to be harsh in their operation.

It will have been observed that by the provisions of section 56, already quoted, a right of appeal is given to the Court having jurisdiction over the place where the accident occurred. In most instances that is also the tribunal having jurisdiction of the employer and employee, and certainly is the jurisdiction in which most, if not all, of the witnesses would be. resident, and their evidence therefore the most

easily obtainable. Then follows the language upon which the appellants rely: "over the person appealing from such decision." This is undoubtedly sufficiently broad in terms to include an insurance carrier, for such carrier is clearly a party interested, but was that carrier, the office of which might be in a distant party of the State, to be entitled to claim that the location of its main office was likewise to be vested with a concurrent jurisdiction? This Court looking to the general intent of the statute as set out in section 60 cannot come to that conclusion.

The persons concerned, and with whom the Act had primarily to do, were the employer and employee; the insurance carrier occupies the position of a surety for the employer, to secure the fulfilment of any liability which may be determined to have arisen. In this case the employer and employee were residents of, and the place of the accident was, in Washington County. Joe Brenner, it is true, was joined as an appellant, but he was such only in name and was not personally within the jurisdiction of the Superior Court of Baltimore City, and for this reason the addition of his name as an appellant can give no added force to the appeal which was attempted to have been taken. The insurance by the Ocean Company was solicited and obtained in Washington County, and there can be no injustice in holding that the company which solicits and obtains insurance in a county shall, if it desires to appeal from the award of the Commission, do so in the jurisdiction where it had obtained the business.

There is another consideration which cannot be overlooked. Section 15 of the Act provides how an employer shall secure compensation to his employees, and the first of these methods is "by insuring and keeping insured the payment of such compensation in the State Accident Fund." Then follow the provisions for in like manner insuring the payment of such compensation with any stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in this State. In a case like the present,

if the Reliable Junk Company had adopted the first method of securing the compensation, that is by insuring and keeping insured the payments of such compensation in the State Accident Fund, can there be any doubt, that if the State had deemed the action of the Commission in its award as erroneous, and desired to appeal therefrom, such appeal would have had to be made in the Circuit Court for Washington County, and not to the Circuit Court for Anne Arundel County, or any of the Courts of Baltimore City? If not, by what process of reasoning can it be successfully claimed that a stock corporation or mutual association, which has undertaken to secure the payment of the compensation awarded, stands in any other or different position as to jurisdiction, for the purposes of an appeal, from what the State itself would? Will any one contend that a corporation doing business within the State by license of the State is entitled to any other or higher right than the sovereign State itself?

A further argument has been made based upon an assumed greater convenience, and it has been urged that inasmuch as the Industrial Accident Commission sits in the City of Baltimore, that therefore there should be a jurisdiction in the Courts of the city to review on appeal its findings. This contention is without force. By the terms of the Act the Commission is given power to take depositions within or without the State, section 7. The Courts of the State may take the evidence of witnesses living outside of the State by commission duly issued, but except in a very limited class of cases not those of witnesses who reside within the State, thus distinguishing the powers of the Commission as compared with those of the Court, and this causes the argument of convenience to fail.

For the reasons indicated, this Court entirely concurs in the action of the Superior Court of Baltimore City in dismissing the appeal.

In addition to the question of jurisdiction a number of matters were brought to the attention of the trial Court, and

the Court was asked to pass upon them. These included the fact of the dependency of the claimants, which involved a consideration whether the insurer was liable at all upon the policy issued by the Ocean Company; a further question related to the apportionment of the compensation awarded by the Commission, both as to the amount awarded and the time during which payments were to continue. Evidence bearing upon these matters was presented to the Superior Court, and that evidence would also have justified a question whether Morris Brenner, whose death was the foundation of the claim, was an employee or a partner in the business. With the exception of the last named, the issues so attempted to be raised have been presented to this Court, but under the view already indicated upon the question of jurisdiction it is unnecessary to pass upon them, and anything that might be said would be merely *dicta*.

The order appealed from will accordingly be affirmed.

*Order affirmed, with costs.*