## R. H. FRAZIER AND SON, Employer, Maryland Casualty Company, Insurer,

*vs.*

## MARTIN LEAS, Claimant.

*Workmen's Compensation Act*: *appeals from commission; not confined to same evidence; oral evidence. Statutes: construction; intention. Constitutional law: jury trials; implies right to adduce evidence.*

In construing statutes, the intention of the Legislature, as expressed in the words of the Act, must be ascertained and given effect.                                      p. 575

The language of the Act is its most natural expositor, and where the language is susceptible of a sensible interpretation, it is not to be controlled by any extraneous considerations.

p. 575

The construction must be liberal in favor of private right, and any construction which imputes an intention to deny valuable rights is to be avoided.                    p. 575

Statutes are presumed to have been passed in full recognition of the constitutional rights of citizens.          p. 575

Trial by jury implies the right of either party to the cause to call witnesses to support his case.              p. 576

Chapter 800 of the Acts of 1914—the Workmen's Compensation Act—provides that the decision of the Commission shall be treated on appeal as *prima facie* correct, and that the burden of proof shall be on the party attacking it.    p. 577

An appeal from a judgment of the Commission to the courts, presents for determination questions of law and facts.   p. 576

No provision of the Act attempts to confine or limit the appeal to the testimony taken before the Commission.    p. 576

The Act secures to the party appealing the right to a trial by jury, and the right to have any question of fact involved in the case submitted to the jury.                              p. 577

And on such an appeal the party attacking the decision of the commission may, under the statute, introduce any proper oral evidence.                              p. 577

*Decided January 14th, 1916.*

Appeal from the Superior Court of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Walter L. Clark* (with whom was *George W. Dexter* and *Austin J. Lilly* on the brief), for the appellant.

*Benjamin L. Freeny,* for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellants in this case made an application to the Superior Court of Baltimore City under section 55, Chapter 800, of the Acts of 1914, known as the "Workmen's Compensation Law," for the review by that Court of a decision of the State Industrial Accident Commission rendered against them on the 22nd of July, 1915, in favor of Martin Leas, claimant, who is the appellee on this record. The order which the Court was asked to review does not appear in the record, nor does the record contain a copy of any of the proceedings of the Commission, although it states that at the hearing of the appeal the Court had before it a transcript of the testimony taken before the Commission. Enough, however, appears to enable us to pass upon the single question presented, which is a narrow one and involves a construction of the section of the Act referred to.

The application by which the proceedings in the lower Court was initiated stated facts which showed jurisdiction in that Court to entertain the appeal, and that the appellants felt aggrieved by the decision of the Commission by the terms of which compensation was ordered to be continued from June 3, 1915. It further alleged that they felt that the Commission had not justly considered all the facts concerning the injury; that it had exceeded its powers under the Act; and that it had misconstrued the law and the facts applicable to the case.

At the hearing the appellants filed a motion to be allowed to introduce evidence in support of the appeal to show:

"1. That the transcript of the testimony taken before the State Industrial Accident Commission does not contain all the facts upon which the Commission founded its decision.

"2. Because the report of Dr. Robert Bay, the Chief Medical Examiner of the State Industrial Accident Commission, is not embodied in said transcript of the testimony.

"3. Because the evidence of Dr. Keller, taken before the State Industrial Accident Commission, shows that he ceased attending the claimant on April 18th, 1915, at which time, in the opinion of said physician, he was suffering from the results of the hernia, but the testimony of Dr. Keller does not show from what he was suffering at the time of the hearing before the State Industrial Accident Commission on July 22nd, 1915.

"4. Because the insurer is desirous of introducing additional testimony tending to show that on July 22nd, 1915, and at all times subsequent to June 24th, 1915, the date upon which compensation was last paid to the claimant, the said claimant was not suffering from the effects of the hernia sustained by him on January 22nd, 1915, but was suffering from the effects of arterio-sclerosis, which is a disease, and that said disease was not the natural and unavoidable result of the said accident."

The Court overruled the motion. The appellants then offered to prove by Doctors Harvey B. Stone, Charles J. Keller, Henry J. Berkley and Robert Bay, the condition of the claimant on July 22, 1915, the day on which the hearing before the Commission was had. The Court refused to admit the proffered testimony. The action of the Court in overruling the motion and in refusing to admit the testimony of the physicians constitutes the first and second bills of exceptions. A judgment was entered confirming the decision of the Commission and dismissing the appeal, and from that judgment this appeal was taken.

The sole question presented by the appeal is this: Has the party appealing the right under section 55 of the Act to offer additional testimony to that taken before the Commission in support of the appeal? The Court below held that he could not introduce additional testimony, and this holding constitutes the ground upon which the exceptions rest. We are unable to agree with the ruling of the lower Court upon this question. The language of the section must be examined in the light of accepted rules of construction. *First,* the intention of the Legislature as expressed in the words of the Act must be ascertained and given effect; *secondly,* "the language of a statute is its most natural expositor, and where the language is susceptible of a sensible interpretation, it is not to be controlled by any extraneous considerations" (*Alexander* v. *Worthington,* 5 Md. 471); *thirdly,* the construction must be liberal in favor of private right, and construction which imputes an intention to deny valuable rights should be avoided; *fourthly,* statutes are presumed to be passed in full recognition of the constitutional rights of the citizen.

Section 55 of the Act provides that the Court upon appeal shall determine, (*a*) whether the Commission has justly considered all the facts concerning injury; (*b*) whether it has exceeded the powers granted it by the Act; (*c*) whether it has misconstrued the law and facts applicable to the case decided. The Act provides that the decision of the Commis-

sion shall be treated on the appeal as *prima facie* correct, and that the burden of proof shall be upon the party attacking it. The appeal presents for determination questions of law and fact. The Act secures to the party appealing the right to a jury trial, and the right to have "any question of fact involved in the case" submitted to the jury. The Court is empowered to confirm, reverse, or modify the decision of the Commission, and it is provided that in the proceedings on appeal "full opportunity to be heard shall be had before judgment is pronounced."

There is no provision in the Act which attempts to confine or limit the trial to the testimony taken before the Commission. Section 55 makes no mention of that testimony, nor is there any statement in the Act as to its admissibility or legal effect on appeal. It may be that in some cases the question of the jurisdiction could be determined without recourse to evidence outside the record. The proceedings may disclose a want of jurisdiction. In other cases the defect of jurisdiction may depend upon some fact to be established at the trial. Unless this defect be apparent upon the face of the proceedings, how can the presumption in favor of the jurisdiction be overcome, if the party appealing be denied the right to establish the facts showing want of jurisdiction? Has he not a clear right to offer any pertinent and relevant evidence upon any question of fact submitted to the jury? If not we might have the unheard of situation of a trial by jury in which one of the parties was held bound by evidence which he disputed, and denied the right to offer evidence in his own behalf. Trial by jury implies the right of either party to the cause to call witnesses to support his case. The granting to one a right of trial by jury, and then to deny him the right to introduce witnesses in support of his case would be like the play of Hamlet with Hamlet left out. We have never heard of a case in which this right was denied, and we do not suppose the Legislature intended to introduce such a novel procedure. The Legislature evidently intended, for obvious reasons, to secure to the party appealing the bene-

fit of section 6, Article 15 of the Constitution which provides: "The right of trial by jury of all issues of fact in civil proceedings in the several Courts of law in this State, where the amount in controversy exceeds the sum of five dollars, shall be inviolably preserved."

The Legislature has made the decision of the Commission *prima facie* correct, but has provided that it may be attacked upon the grounds stated in the Act, and where the proof is insufficient to establish the incorrectness of the decision it may "be reversed or modified." Upon any issue of fact involved the appellant is given the valuable right of trial by jury, and a full opportunity to be heard. It can not be a reasonable supposition that the Legislature designed the language used in conferring these rights should have an interpretation which would in many cases render exceedingly doubtful of any practical utility the rights intended to be secured by the Act. To deny to one attacking the decision upon appeal the right to introduce any proper oral evidence would so clog and hamper the exercise of his rights under the Act as to render them of little value. We can not suppose the Legislature had any such design.

The particular question presented is analagous to appeals to the Circuit Court under section 84, Article 5 of the Code from the decision or order of County Commissioners. The commissioners are required to transmit to the' Court a copy of their proceedings, and by section 85 it is provided that on "such appeal either party shall have a right to a jury trial, etc." Upon such appeal the right of the parties to introduce all proper evidence upon any question involved, whether before the Court or jury, has never been disputed and the exercise of this right is universally availed of.

It follows from the views we have expressed, that the judgment appealed from must be reversed.

*Judgment reversed, with costs, and new trial awarded.*