# CORKRAN, HILL & CO., Inc.,

## vs.

## ISIDOR FRUMAN.

*Res Adjudicata—Decision Not On Merits—Exclusion of Evidence—Question of Law.*

On appeal by defendant in an action for damage from an automobile collision, *held* that a former judgment, rendered in another court in appellant's favor, in an action by it against appellee for damage from the same collision, was properly held not to be conclusive as against appellee's claim, it appearing that evidence in support thereof was excluded in the former action, by reason of his opportunity to enforce it in this action, and the same judge who excluded the evidence in the former action having decided in this adversely to the conclusiveness of the former judgment.                    pp. 259, 260

The principle of *res adjudicata* is not applicable unless the issue, on the trial of which it is invoked, was determined on its merits by the former judgment.                    p. 259

In connection with a plea of *res adjudicata,* parol evidence as to the restricted scope of the trial in which the previous judgment was rendered, is admissible.                    p. 260

Where the evidence on the issue of *res adjudicata* is uncontradicted, the court properly decides the question as one of law.                    p. 260

The refusal of a prayer by the court below must be presumed to have been proper, in the absence of any basis in the record for a conclusion that the ruling was erroneous.                    p. 260

*Decided December 6th, 1923.*

Appeal from the Superior Court of Baltimore City (HEUISLER, J.).

Action by Isidor Fruman against Corkran, Hill & Company, Incorporated. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*L. Wethered Barroll,* with whom was *Wm. L. Marbury* on the brief, for the appellant.

*Eldridge Hood Young,* with whom were *Thomas Charles Williams* and *Young & Crothers* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

This suit was brought by the appellee against the appellant corporation, in the Court of Common Pleas of Baltimore City, to recover for personal injuries sustained in a collision between the appellee's automobile and that of the appellant, which is alleged to have occurred because of the negligent operation of the appellant's car. The declaration claimed damages to the amount of $5,000. Subsequently the appellant brought suit against the appellee in the Peoples' Court of Baltimore City to recover for the damage to the appellant's automobile in the same accident. It was the theory of the second suit that the collision was caused by the appellee's negligence. The amount of damages claimed by the appellant was $94. There was an early trial of that case, resulting in a judgment for the appellant for the sum of $44.70 and costs, from which the appellee took an appeal to the Baltimore City Court, where a similar judgment, on the verdict of a jury, was rendered. After that final disposition of its suit the appellant filed pleas of *res adjudicata* to the appellee's prior and pending action. The principal question, on this appeal from a judgment for the appellee, is whether the judgment on the appeal from the Peoples' Court to the Baltimore City Court, in the appellant's suit against

the appellee, is conclusive of the issue involved in the present litigation.

At the trial of this suit in the Superior Court of Baltimore City, to which it had been removed from the Court of Common Pleas, parol evidence was admitted to the effect that, in the trial of the other suit in the Baltimore City Court, the appellee, as defendant in that case, was not allowed to offer evidence because of the pendency of his suit in the Court of Common Pleas  There was no contradiction of that testimony.  The record of the docket entries and pleadings in the appellant's suit shows that it related to the same accident as the one to which the pending action refers, but according to the undisputed proof the defense there attempted to be interposed was excluded because it was the basis of the recovery sought in this separate suit, which had been previously instituted and was then awaiting trial.  It is conceded that the evidence offered in this case, while contradicted, was legally sufficient to prove that the appellant's negligence was responsible for the accident in which the appellee was injured, and to support the verdict for the appellee, which was for the sum of $152.

One of the essential conditions for the application of the principle of *res adjudicata* is that the issue, in the trial of which it is invoked, must have been determined on the merits by the former judgment which is pleaded as a defense. *Elkton* v. *Sweet,* 141 Md. 614; *Wiley* v. *McComas,* 137 Md. 637; *Christopher* v. *Sisk,* 133 Md. 48; *Impervious Products Company* v. *Gray,* 127 Md. 64; *Feldmeyer* v. *Werntz,* 119 Md. 285.  It would hardly be just to hold that the merits of the appellee's claim, urged in this case, were conclusively adjudicated in the other suit, when it has been proved that he was there precluded from offering evidence in support of his contention because of the opportunity to enforce his rights which this action afforded.  The ruling which had that effect was made by the same judge who afterwards presided at the trial of the present case, and who declined to regard the former judgment as conclusive against the right here

asserted. JUDGE HEUISLER, who made both rulings, is said to have acted upon the theory that it would not be fair to conclude the appellee's claim, which exceeded in amount the jurisdiction of the Peoples' Court, and of the Baltimore City Court on appeal, by adjudicating it as a defense to a much smaller claim for which that jurisdiction was available. Whatever may have been the ground of the earlier ruling, which is not reviewable, the judge who presided at both trials could have had no difficulty in determining whether they actually involved a decision of the same issue on the merits. In view of the special conditions shown by the record, we think he was justified in holding that the former judgment was not a bar to the present suit.

Exceptions were taken to the admission of the parol evidence as to the restricted scope of the trial in the Baltimore City Court. This testimony, we think, was competent to prove the fact to which it was directed. *Whitehurst* v. *Rogers,* 38 Md. 515; *Streeks* v. *Dyer,* 39 Md. 424; *Boggs* v. *Boggs,* 138 Md 439; 15 R. C. L. pp. 1050-2; 1 *Poe, Pl. & Pr.,* sec. 655.

The evidence on the issue of *res adjudicata* being uncontradicted, the court below properly decided the question as one of law, and there was no error in its refusal to direct a verdict for the defendant on that issue or to submit it to the jury.

One of the appellant's prayers sought to have the jury instructed to render a verdict for the defendant if they should find that the appellee violated the rule of the road giving the right of way, at road intersections, to one approaching from the right. There is no evidence in the record as to the circumstances of the accident, and we have, therefore, no means of determining whether the theory of the prayer had any support in the proof. The refusal of the prayer must be presumed to have been proper, in the absence of any basis in the record for a conclusion that the ruling was erroneous.

*Judgment affirmed, with costs.*