# GERTRUDE LEE DAVIS *v.* BOARD OF EDUCATION OF ANNE ARUNDEL COUNTY.

[No. 95, October Term, 1933.]

*Decided January 17th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*John S. Strahorn, Jr.,* with whom were *Douglas H. Gordon* and *John S. Strahorn* on the brief, for the appellant.

*George E. Rullman,* submitting on brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The Board of Education of Anne Arundel County on November 3rd, 1931, by deed of that date, took title to a tract of land containing, exclusive of the alleyway described below, more than ten acres located on the south side of the Baltimore and Annapolis Boulevard, between Glen Burnie and Annapolis, in Anne Arundel County, Maryland, subject to the right of Gertrude Lee Davis to use an alley twenty feet wide which crosses the property.

After acquiring the property, the Board of Education improved it by erecting thereon a schoolhouse, which for a distance of 162.4 feet completely covered the alley, thereby depriving the owner of the easement of the use thereof.

On April 1st, 1933, the Board of Education filed in the Circuit Court for Anne Arundel County a petition, which was later amended, against Gertrude Lee Davis, for the condemnation of that easement. In the amended petition, the petitioner described the property to be taken, alleged that it was necessary and desirable for school purposes, that it had not been able to agree with the owner for the purchase, use and occupation thereof, and accordingly prayed that it be condemned under the procedure prescribed by Code, art.

33A. Gertrude Lee Davis answered, admitted the allegations of the petition, but alleged as a bar to further proceedings that the petitioner had no legal power to condemn because the tract which the petitioner owned subject to the easement exceeded ten acres in area. 'A demurrer to the plea was sustained, and from that ruling this appeal was taken.

The right of the petitioner to condemn rests upon chapter 157 of the Acts of 1931, which provides: "When land shall be required for the site of a school-house, or for enlarging a school-house lot, or for playgrounds or other school purposes, and the county board of education shall for any cause be unable to contract with the owner or owners thereof upon what they deem to be a fair valuation thereof, the county board of education may institute proceedings for the acquisition of such lands, in accordance with Article 33A of the Annotated Code; but no lot so taken or enlarged shall exceed, in the whole, ten acres, including the land occupied by the school building."

The contention of the appellant appears to be that, as the tract subject to the easement sought to be condemned, and which the petitioner owned at the time the petition was filed, contained more than ten acres, it was not entitled to the benefit of the statute, because the acquisition of the easement would "enlarge" the schoolhouse lot beyond the limitation of the statute.

But the force of that contention is not apparent. It may be conceded that the general rule is that statutes of eminent domain are to be strictly construed, but, while such statutes are in derogation of common right, they are not in derogation of the common law, and not subject to the same rigid strictness of construction applicable to such statutes. *Lewis' Sutherland on Stat. Const.*, sec. 559; 20 *C. J.* 507. But, while they should be strictly construed, the purpose and intention of the legislature, when clearly manifested in the statute, should not be defeated by any narrow, strained, forced, or artificial construction of its language. *Lewis' Sutherland, Stat. Constr.*, 518; *Citizens' Bank v. Parker*, 192 U. S. 73,

24 S. Ct. 181, 48 L. Ed. 346; *Cutty v. Carson,* 125 Md. 25, 93 A. 302; *Brenner v. Brenner,* 127 Md. 189, 96 A. 287; *Frazier v. Leas,* 127 Md. 575, 96 A. 764; *Criswell v. State,* 126 Md. 107, 91 A. 549; *Mitchell v. State,* 115 Md. 360, 80 A. 1020; *Brenner v. Brenner,* 127 Md. 189, 96 A. 287; *Graham v. Wellington,* 121 Md. 661, 89 A. 232; *Healy v. State,* 115 Md. 379, 80 A. 1074; *Purnell v. Shriver,* 125 Md. 270, 93 A. 518; *Overton v. Harrington,* 126 Md. 34, 94 A. 325; *Merrill v. Military Dept.,* 152 Md. 477, 136 A. 897; *Northern Securities Co. v. U. S.,* 193 U. S. 197, 24 S. Ct. 436, 48 L. Ed. 679; *Moore v. W. U. Tel. Co.,* 164 Mo. App. 165, 148 S. W. 157. Nor should the rule which requires strict construction in certain cases be confused with the definition of the term itself.

An inspection of the statute indicates that its purpose was to empower county boards of education to exercise the State's power of eminent domain, to acquire "land" needed for school purposes, either to establish a new school or to enlarge one already established, provided the lot "so taken or enlarged" did not exceed in the whole ten acres including the site of the school buildings. The power thus granted to condemn land necessarily included the right to condemn every right, interest, and incident necessary to a perfect and complete title to the land taken. Having the power to condemn land, the board had also the power to condemn an outstanding easement in land which it owned, wherever the destruction of the easement was essential to the utilization of the land for school purposes. These conclusions are self-evident and necessarily flow from the nature of the power granted, as well as from the language of the statute. A private right of way is an easement and is land (20 *C. J.* 593; *United States v. Welch,* 217 U. S. 333, 30 S. Ct. 527, 54 L. Ed. 787), so that the power to condemn land is also the power to condemn an easement in land.

But the appellant contends that the acquisition of the easement would "enlarge" the tract it owns by increasing its rights therein, and that such an "enlargement" violates the "prohibition" of the statute. But such a construction is in-

consistent not only with the purpose of the statute, but with its language. The limitation on the power to condemn is found in the concluding clause of the statute, which reads, "but no lot so taken or enlarged shall exceed in the whole ten acres," etc., and that language refers to and qualifies the preceding words thereof that "When land shall be required for the site of a school house, or for enlarging a school house lot * * * the county board of education may institute proceedings for the acquisition of such lands in accordance with article 33A of the Code." The limitation therefore is not upon the power of the board of education to acquire or hold single tracts of land containing more than ten acres, but upon its right to condemn land to enlarge a school lot, when the lot so taken or enlarged would contain more than that acreage. But in no sense would the acquisition of the easement "enlarge" the lot. The lot is a physical thing. It can only be "enlarged" by increasing its area. The extinguishment of a right to use it or a part of it as a road or way would not enlarge the area of the lot, but would increase the rights of the owner therein. That would not be an "enlargement" of the lot, but it might be called an enlargement of the owner's rights in the lot. But while for that reason it would not be within the scope of the limitation, neither would it be within the scope of the grant. For, if the destruction of the easement is not an enlargement, then the power to "enlarge" a school lot by condemning land needed for that purpose does not apply.

But the power granted is not confined to "enlargement," but extends also to land required for a school site. It is conceded that the land in this case is required for a school site, and indeed it is now occupied by a school building. The easement sought to be condemned is a right to use the land so occupied as a way of ingress and egress to other property. The exercise of the right is impossible unless the building erected on the way is removed or destroyed. Obviously the destruction of the building, which covers 162.4 feet of the way, would not diminish the area of the lot, any more than the destruction of the easement would enlarge it. But, since

the easement is land within the meaning of the enabling statute, and since the board is authorized to condemn land needed for a school site, and since the ground affected by the easement is not only needed but occupied as a school site, and since its destruction will not enlarge the lot on which the school is erected, it follows that the board was empowered to condemn it, and the demurrer to the appellant's plea was properly sustained.

Having decided that the trial court had jurisdiction in the premises, the further question arises as to whether the appellant was entitled to appeal from the order sustaining a demurrer to her "Special Plea in Bar." There was no judgment in the case, and the order appealed from granted leave to the appellant to plead over within ten days.

It is well settled that no appeal lies from any judgment or determination of a court sitting in the exercise of a special limited statutory jurisdiction unless granted by the statute (*Hyattsillev v. Washington W. & G. R. Co.*, 124 Md. 580, 93 A. 151), nor is it open to question that the court in the proceedings in this case was sitting in the exercise of a jurisdiction of that kind. *Id.*

The Acts of 1912, ch. 117, secs. 4 and 6, allowed an appeal from a judgment determining as a preliminary question the petitioner's right to condemn, but allowed no appeal from the judgment or award fixing the compensation to which the landowner was entitled (*Hyattsville v. Washington, W. & G. R. Co., supra*), and from such a judgment or award no appeal to this court lay. *Id.*

The Act of 1912 was amended by chapter 463 of the Acts of 1914, which established the law as it now stands. As amended, the only appeal allowed is that granted by Code, art. 33A, sec. 12, which provides that "any party to said cause may appeal from any such judgment to the Court of Appeals of Maryland. * * *" The judgment referred to is a judgment determining not only the right of the petitioner to condemn, but, if that issue is decided in favor of the petitioner, also the compensation to which the landowner is entitled. Code, art 33A, sec. 11. The only appeal allowed by

the statute is from such a final judgment, and, as apart from the statute no appeal lay, and since there was no final judgment nor indeed any judgment in this case, it follows that the appeal therein was prematurely taken, and must be dismissed.

*Appeal dismissed, with costs.*