WILMER BLACK ET AL. *v.* UNION NEWS PRINTING & PUBLISHING COMPANY

[No. 49, October Term, 1934.]

*Decided December 14th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*R. E. Lee Marshall* and *Herbert M. Brune, Jr.,* with whom were *Charles Ruzicka* and *Cornelius V. Roe* on the brief, for the appellants.

*Edward H. Burke,* with whom were *John B. Gontrum* and *Bowie & Burke* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

On May 9th, 1931, there appeared in the Jeffersonian, a newspaper published in Baltimore County, a financial statement of the county administration for the preceding year. In the same issue of that paper there appeared an editorial by which the statement mentioned was called to the attention of its readers as "the complete, detailed, minute and accurate statement, of Black & Company, certified public accountants, of Baltimore, of the expenses of Baltimore County, for the fiscal year ending December 31st, 1930."

On June 12th, 1931, the Union News, a newspaper published in Baltimore County, by the Union News Printing & Publishing Company, the appellee, published an article therein, commenting upon and criticizing the aforesaid statement appearing in the Jeffersonian, which was thought by Black & Company, the appellants, to be libelous of them, and on June 26th, 1931, they brought an action of libel thereon against the Union News Printing & Publishing Company.

The plaintiff's original declaration was demurred to and the demurrer sustained. They then filed an amended declaration, to which no demurrer was interposed. To

this amended declaration, the defendants filed four pleas: The first, a general issue plea; the second and third, fair comment pleas; and, the fourth, a plea of limitations. There was a joinder of issue on the first, the general issue plea, and demurrers were interposed to the second and third pleas, the pleas of fair comment, and the fourth plea, the plea of limitation, was stricken out upon motion by the plaintiffs.

The second plea was: "That the alleged libels are fair comment made in good faith and without malice upon a matter of public interest, namely: the 'Annual Statement of Expenses of Baltimore County for the Fiscal Year ending December 31st, 1930,' also known as the 'County Statement,' purporting to be published by the County Commissioners of Baltimore County in pursuance of section 12, of article 25 of the Code of Public General Laws of Maryland (as amended by Laws 1927, c. 150) in the May 9th, 1931, issue of 'The Jeffersonian,' a newspaper printed and published in Baltimore County."

The third plea is like the second with the following words added thereto: "Being the newspaper referred to in said alleged libels as 'the official organ of the Old Democratic Organization of Baltimore County,' there being published in said May 9th, 1931, issue of 'The Jeffersonian,' on the editorial page thereof, the following: 'Mr. Taxpayer, do you want to know where your money went last year? Then turn to another section of this issue of "The Jeffersonian" and get that information, down to the spending of the last penny. Published there, in accordance with the Code of Public General Laws, in a complete, detailed, minute and accurate statement by Black and Company, Certified Public Accountants of Baltimore, of the expenses of Baltimore County for the fiscal year ending December 31, 1930.' "

The demurrers to the second and third pleas were overruled, and the plaintiffs filed the following first and second replications to the second and third pleas: First, "That the said alleged libels are not fair comment on a matter of public interest." Second. "That the plaintiffs

did not prepare the annual statement of Baltimore County, alleged to have been commented on fairly and without malice in the libels mentioned in the declaration." On the first of these replications there was a joinder of issue, to the second a demurrer was filed and sustained, and leave granted the plaintiffs to file an amended replication. This they failed to do, but asked that a judgment be entered against them.

The defendant was told by the plaintiffs that the object and purpose of the entry of such a judgment was to enable them to appeal to this court to have it review the rulings of the trial court on the demurrer to the second replication to the second and third pleas of fair comment. The defendant assumed that the judgment asked for by the plaintiffs was a judgment of *"non pros,"* and in writing objected to "any entry of judgment of *'non pros.'* * * * and to any entry of final judgment thereon." The plaintiffs, thereafter, obtained leave from the court to withdraw their first replication to the second and third pleas, and on April 9th, 1934, the court passed an order directing that a "final judgment * * * be entered against the plaintiffs and in favor of the defendant, * * * according to the usual course of entry of judgment against a party in default in pleading." After the entry of this judgment, the court's attention was called by the counsel for the defendant to the fact that, in the judgment entered by the court, there was an omission of the words *"non pros,"* following the word "judgment." Whereupon the court inserted those words in the judgment.

On April 14th, the defendant paid the costs of judgment and had it marked "Satisfied and released" upon the records, though the plaintiffs' attorney declined to accept the check for his appearance fee, and repudiated the release and satisfaction of the judgment, and petitioned the court to direct the clerk to include in the record the petition in which the aforegoing facts were stated, and likewise include therein the order to be passed on the petition. The prayer of this petition was granted by an order of the court, passed on the 7th day of May, and on

that day an order for appeal was filed with the clerk by the plaintiffs.

The plaintiffs did not know of the change in the judgment when made, but, upon learning of it, they asked the court to strike out the words inserted by it in making the change, which it did, thereby restoring the original judgment.

There was no demurrer interposed to the amended declaration in this case, nor has it been assailed by the defendants, and as far as we have been able to discover, it is a sufficient declaration.

The next pleadings in the case, to which our attention is drawn, are the second and third pleas of fair comment. The general issue plea had been filed, but this did not prevent the filing of special pleas of fair comment. These are pleas of qualified privilege and are, we think, proper to be filed in a case of this character. *Odgers on Libel and Slander,* *537. These pleas are in the nature of pleas of confession and avoidance, and do not amount to the general issue plea. *Eastern Advertising Co. v. McGraw,* 89 Md. 83, 42 A. 923, 924; 1 *Poe, Pl. & Pr.* (3rd Ed.), sec. 641; 1 *Poe, Pl. & Pr.,* (5th Ed.), sec. 638; *Hunner v. Stevenson,* 122 Md. 63, 89 A. 418; *Maryland Trust Co. v. Poffenberger,* 156 Md. 204, 144 A. 249.

In *Eastern Advertising Co. v. McGraw, supra,* this court, speaking through Judge McSherry, said: "There is a great distinction between a plea which amounts to the general issue and a plea which discloses matter that may be given in evidence under the general issue. The general issue is a denial of the whole substance of the declaration, and puts upon the plaintiff the necessity of establishing all the essential allegations of the narr. A plea, however, which gives color, express or implied, to the plaintiff's statement,—admits that statement to be true,—but makes defense by setting up new matter in avoidance, can never be said to amount to the general issue for the obvious reason that the element of denial is absent. Consequently, 'where the defendant elects to plead specially defenses in confession and avoidance which would be admissible in

evidence under the general issue, the fact that they are admissible under the general issue does not make his special plea bad.' 1 *Poe Pl. & Pr.* (3rd Ed.), sec. 641."

The fair comment pleas are, in our opinion good.

We will next consider and pass upon the court's ruling on the demurrer to the second replication to the defendant's second and third pleas.

It is said in *Odgers on Libel and Slander,* \*544, "to a plea of qualified privilege, a special reply is unnecessary, if malice be alleged in the statement of claim or negatived in the defense." In this case, malice is alleged in the declaration and is negatived in the pleas to which this replication is filed. The effect of this replication was an effort to supply a fact that might have been included in the declaration, or, otherwise stated, to reassign by declaring they had never prepared the statement, which would be against the rules of pleading.

There may be cases, as stated by Mr. Poe in his *Pleading & Practice,* vol. 1, sec. 684, where this species of replication may be used to set forth with exactness the grievance intended to be alleged in the declaration, in order to correct the error to which the defendant in his plea has either purposely, or inadvertently, failed in misunderstanding or pretending to misunderstand the plaintiff's case. The case before us, however, is not such a case.

The court, we think, acted properly in sustaining the demurrer to this replication.

We will not, however, affirm the judgment from which the appeal was taken, for in our opinion the judgment that should have been entered was a judgment of *"non pros.,"* and not the judgment that was entered. The motion to dismiss the appeal will be overruled.

Without affirming or reversing, we will remand the case, that the plaintiffs may have an opportunity to reply to the second and third pleas of the defendant.

> *Motion to dismiss appeal overruled. Case remanded, with costs to the appellee.*