GERTRUDE LEE DAVIS *v.* BOARD OF EDUCATION.

[No. 69, October Term, 1934.]

*Decided January 16th, 1935.*

The cause was argued before BOND, C. J., URNER, OFFUTT, and SLOAN, JJ.

*Douglas H. Gordon,* with whom was *John S. Strahorn* on the brief, for the appellant.

*George E. Rullman,* submitting on brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This case was here before, when the defendant (appellant) contested the right of the petitioners, the Board of Education of Anne Arundel county, to condemn the easement or right of way described in the petition. *Davis v. Board of Education,* 166 Md. 118, 170 A. 590. Now the appeal is from an order of the trial court extending to judgment a verdict of one cent in favor of the defendant, and ordering a judgment entered in favor of the plaintiff (appellee) "for the right, interest and estates of Gertrude Lee Davis in and to the property

or easement mentioned in these proceedings." See *Black. v. Union News Printing Co.*, 167 Md. 610, 175 A. 843.

The petition was in the usual form for the exercise of the right of eminent domain under article 33A of the Code (section 1 *et seq.*). After the decision in 166 Md. 118, 170 A. 590, the case went to trial, resulting in a "verdict finding for the defendant damages assessed at. (one cent)." The docket entries so remained from July 12th, 1934, until August 8th, when the owner, defendant, "move(d) for judgment for the defendant," on the theory, developed in the argument on appeal, that the formal granting of the motion as made short on the docket would finally decide all issues involved in her favor. The motion was granted, but was translated into proper form of a judgment for the plaintiff board of education for the property mentioned in the proceedings. and for the defendant for one cent damages, the value which the jury put on the easement condemned. No exceptions were taken to the verdict, nor motion for new trial or in arrest of judgment entered, although provision for all or any of these steps are preserved by section 11 of article 33A of the Code. 1 *Poe, Pl. & Pr.*, sec. 757.

After the jury is sworn, the next step is a view of the property, and it is then provided by section 9 of article 33A: "After said view, and the jury has returned to said Court, the trial of the issues of law and fact in the case, relative to the right to condemn said land, and the damages which will be occasioned to the defendant owner or owners thereof by the taking, use and occupation thereof by the petitioner, and the amount of just compensation therefor to each defendant, and of all other issues which may properly arise in said case, shall be proceeded with before said Court and jury in the same manner and under the same rules of law and practice, pertaining to the admissibility of evidence, the instructions of the Court, and all other matters arising under said proceedings, as in other civil cases, except as herein otherwise provided."

Under this section the burden is on the petitioner to establish its right to condemn (*Kenly v. Washington County R. Co.*, 129 Md. 1, 7, 98 A. 232), and, in the absence of any evidence in the record, or of a prayer to the contrary, the presumption is that there was legally sufficient evidence to support the judgment of the court (*Jones v. State*, 118 Md. 67, 72, 83 A. 1100; *Steil Brewing Co. v. Wash., B. & A. E. R. Co.*, 120 Md. 419, 427, 87 A. 838; *Earle v. Keating*, 127 Md. 697, 97 A. 880; *Corkran, Hill & Co. v. Fruman*, 144 Md. 257, 260, 124 A. 878; *Victory Sparkler Co. v. Francks*, 147 Md. 368, 372, 128 A. 635.

The last paragraph of section 11 says that, "upon any such verdict becoming final, if the same shall be for the defendant, upon the right to condemn, the Court shall forthwith enter a judgment in said case for the defendant with costs, but if said verdict shall be for the petitioner on the right to condemn and assessing damages to the defendants, the said Court upon said verdict shall forthwith enter a judgment in favor of each defendant against the petitioner for the amount of damages or compensation awarded to each of said defendants by the verdict of said jury and his proper proportion of the costs." *Williams v. N. Y., P. & N. R. Co.*, 153 Md. 102, 137 A. 506. In this case there was no formal verdict for the petitioner on the right to condemn, and such a judgment could not be entered unless it can be inferred from the "verdict finding for the defendant damages assessed at (one cent)," and it is because of the extension of a judgment in favor of the petitioner "for the rights, interests and estate" of the defendant that she contends that there has been an unwarranted alteration of the verdict. The order for the entry of judgment on the verdict began: "Disregarding the form in which the motion of the owner is presented, and the court being of the opinion that the sole question on the pleadings and testimony, at issue before the jury being the question of the amount of the compensation to be awarded by the jury to the property owner, Gertrude Lee Davis, and that the mo-

tion interposed orally this 8th of August, 1934, furnishing no cause to the contrary, it is therefore, this 8th of August, 1934, ordered," etc., as hereinbefore stated. The facts stated in the introductory part of the order are borne out by the court's instruction, to which no exception was taken. In the absence of evidence of any kind in the record, we can only assume that the parties went to the jury, as the court says, only on the question of damages. *Supra.* If this were not true, then the defendant should have offered a prayer to take the case from the jury on the ground of legally insufficient evidence.

The defendant's chief reliance for its contention that the verdict of the jury may not be altered, as she contends was done here, is the case of *Gaither v. Wilmer,* 71 Md. 361, 18 A. 590, 591. In that case the jury found "for the plaintiff" without assessing the damages, and the trial judge undertook to cure the omission after a motion in arrest of judgment (1 *Poe, Pl. & Pr.* sec. 757) had been filed by adding the amount of damages which it was conceded by defendants during the trial would be correct if there was a verdict against the defendant. In the second sentence of the opinion by Judge Miller, the rule or test by which he said the alteration could not be made in that case, more clearly and succinctly than appears from any of the other authorities cited in the briefs, shows why it can be done in this case, when he said: "It is not merely an informal verdict, which the court can mold into proper shape by referring to the pleadings and issues, but is substantially defective."

What does the verdict here mean and what does it imply? If there had been an unqualified verdict for the defendant, under the terms of section 11 of article 33A, it would have been a denial of the petitioner's right to condemn, but a verdict for the defendant with an assessment of damages means that the petitioner had the right to condemn, and, by reference "to the pleadings and issues," as Judge Miller said, the court could mold the verdict into proper shape. As said by Lord Mansfield in *Hawks v. Crofton,* 2 Burrows, 699, "where the intention

of the jury is manifest and beyond doubt, the court will set right matters of form," and by Justice Denison, in the same case, "Though the verdict may not conclude formally or punctually to the words of the issue, yet if the point in issue can be concluded out of the finding, the court should work the verdict into form and make it serve"—both quotations taken from *Browne v. Browne*, 22 Md. 103, 115; *Diamond State Co. v. Blake*, 105 Md. 570, 575, 66 A. 631. See *Mitchell v. Smith*, 4 Md. 403; 22 *Enc. Pl. & Pr.* 962.

The proper way to have attacked the verdict if not in form would have been by motion in arrest of judgment, which would have been reviewable, or by motion for new trial. *Harford County v. Wise*, 71 Md. 43, 57, 18 A. 31; *Gaither v. Wilmer*, 71 Md. 361, 18 A. 590; 1 *Poe, Pl. & Pr.*, sec. 757. But the defendant did neither. She let the case be tried on the question of damages alone, on the apparent assumption that the right to condemn had been decided in the former appeal (166 Md. 118, 170 A. 590), so that she is now in the position of raising for the first time a question not presented at the trial, and this cannot be done.

*Judgment affirmed, with costs in this court.*